O

UNITED  STATES  DISTRICT  COURT

FOR  THE  CENTRAL  DISTRICT  OF  CALIFORNIA

| | |
|---|---|
| MICKEY LEE WIEBE, ) | CASE NO. SACV 10-325 AG (RNBx) |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION TO |
| ) | DISMISS |
| v. ) | |
| ) | |
| NDEX WEST, LLC, DEUTSCHE ) | |
| BANK NATIONAL TRUST ) | |
| COMPANY, WELLS FARGO BANK, ) | |
| N.A., and ARGENT MORTGAGE ) | |
| COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |

This case, like many others before the Court, involves the sale of a mortgage loan. Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Deutsche Bank National Trust Company ("Deutsche Bank"), later joined by NDEX WEST, LLC ("NDEX") (collectively, "Defendants"), filed a Motion to Dismiss ("Motion"). After considering all arguments and papers submitted, the Motion is GRANTED.

**PRELIMINARY MATTERS**

**1.      REQUEST FOR JUDICIAL NOTICE**

        To support their motion, Defendants request that the Court take judicial notice of several documents.  Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Facts subject to judicial notice may be considered on a motion to dismiss.  *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

        Defendants request that the Court take judicial notice of five documents recorded in the official records of the Orange County Recorder's Office: (1) a December 20, 2005 Deed of Trust; (2) A December 21, 2005 Corporation Assignment of Deed of Trust; (3) A June 18, 2009 Assignment of Deed of Trust; (4) a May 4, 2009 Notice of Default and Election to sell under Deed of Trust; and (5) an August 6, 2009 Notice of Trustee's Sale.  The Court finds that these documents meet the requirements of Rule 201, and Defendants' request for judicial notice is GRANTED as to those five documents.

**2.      NDEX'S REQUEST FOR JOINDER**

        NDEX filed a request to join in the Motion of Wells Fargo and Deutsche Bank.  (Docket Entry 16.)  Plaintiff Mickey Lee Wiebe ("Plaintiff") opposes the joinder because NDEX did not submit "a separate memorandum specifying which arguments they intend to join with, and has not alleged that Plaintiff cannot state a claim against them specifically."  (Opp'n 17: 5-6.)

        The Court's decision and reasoning applies to all Defendants.  As such, judicial efficiency is best served by allowing NDEX to join in the Motion, so NDEX's request to join is GRANTED.

**BACKGROUND**

The following facts are taken from the First Amended Complaint ("FAC"), and as it must for this motion, the Court assumes them to be true.

On December 20, 2005, Plaintiff executed a promissory note, a deed of trust, and a series of mortgage loan agreements. (FAC ¶ 4.) Landsafe Title Agency, Inc., was the original trustee under the deed of trust. (FAC ¶ 6.) In June 2009, NDEX became the trustee. (FAC ¶ 7.) Wells Fargo is the mortgage loan servicer. (FAC ¶ 9.)

Defendants did not provide all of the required disclosures to Plaintiff. (FAC ¶ 11.) Defendants did not notify Plaintiff of any assignment, sale, or transfer of her loan. (FAC ¶12.)

Based on these facts and others, Plaintiff asserts six claims, numbered as follows: (1) breach of contract; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (4) declaratory relief; (5) injunctive relief; and (6) accounting.

Defendants now move to dismiss.


**LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007)). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A

1    claim has facial plausibility when the pleaded factual content allows the court to draw the

2    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

3    1940 (citing *Twombly*, 550 U.S. at 556).  A court should not accept "threadbare recitals of a

4    cause of action's elements, supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940,

5    or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

6    inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Dismissal

7    without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the

8    complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th

9    Cir. 2003).

10

11   **ANALYSIS**

12

13   **1.      PLAINTIFF'S FIRST CLAIM, FOR BREACH OF CONTRACT**

14

15          Plaintiff's first claim, for breach of contract, is brought against all Defendants.  Breach of

16   contract requires four elements: (1) the existence of a valid contract; (2) plaintiff's performance

17   or excuse for non-performance; (3) defendant's breach; and (4) resulting damage.  *McDonald v.*

18   *John P. Scripps Newspaper*, 210 Cal. App. 3d 100, 104 (1989).  Here, Plaintiff's claim fails

19   because Plaintiff has not alleged sufficient factual content to allow the Court to draw a

20   reasonable inference that Defendants committed a breach.

21          Plaintiff points to only two allegations relating to a breach of any agreement.  First,

22   Plaintiff alleges that "Defendants and/or their agents breached the terms of loan agreements by

23   violating [TILA, RESPA], and/or the provisions of the Security Instrument and loan agreements

24   as it relates to proper notification methods and foreclosure proceedings." (FAC ¶ 23.)  Second,

25   Plaintiff alleges that "Defendants violated the Security Instrument and related loan agreements

26   because they charged or planned to charge an impermissible amount of finance charges."  (FAC

27   ¶ 24.)

28          These allegations not sufficient to state a claim for breach of contract.  Although Plaintiff

1   attached the Deed of Trust to the Complaint, Plaintiff does not identify any language in the Deed
2   suggesting that Defendants agreed to be contractually liable for violations of TILA or RESPA.
3   Likewise, Plaintiff does not point to any part of the Deed that relates to notification methods or
4   foreclosure proceedings.  Nor does she allege how Defendants' actions failed to comply with
5   any methods or proceedings.   Finally, the allegation that Defendants "charged or planned to
6   charge an impermissible amount of finance charges" is vague and insufficient to state a claim for
7   breach of contract.  .

8          As noted, the Court cannot accept "threadbare recitals of a cause of action's elements,
9   supported by mere conclusory statements," *Iqbal*, 129 S. Ct. at 1940, or "allegations that are
10  merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell*, 266
11  F.3d at 988.  And "plaintiffs must be required to do something more to allege a breach of
12  contract claim than merely point to allegations of a statutory violation." *Berger v. Home Depot*
13  *U.S.A., Inc.*, 476 F.Supp. 1174, 1177 (C.D. Cal. 2007) (allowing a statutory violation alone to
14  provide the basis for a breach of contract would "significantly change the core principles of
15  contract law").  Plaintiff's breach of contract claim is unsupported by allegations of a breach by
16  Defendants, and the claim therefore fails.  Defendants' Motion is GRANTED as to the first
17  claim.

18

19  **2.     PLAINTIFF'S SECOND CLAIM, FOR TILA VIOLATIONS**

20

21         Plaintiff's second claim, for TILA violations, is brought against all Defendants. This
22  claim fails because it is time barred.

23         Plaintiff seeks both damages and rescission under TILA.  An action for damages under
24  TILA must be brought within one year of the alleged violation.  15 U.S.C. § 1640(e).  For TILA
25  rescission claims where the lender failed to provide "material disclosures," the action must be
26  brought within there years of the alleged violation.  15 U.S.C. § 1635(f).  The violation occurs
27  upon consummation of the loan.  *Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d
28  1253, 1258 (D. Colo. 2004).  A loan is deemed consummated at "the time that a consumer

1    becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13).  Plaintiff

2    obtained the loan on December 20, 2005, over four years before this lawsuit was filed.  (FAC ¶

3    4, Exh. A; RJN Exh. A.)

4         In the SAC, Plaintiff alleges that the TILA violations occurred in February 2009 rather

5    than in December 2005, when Plaintiff obtained the loan.  (SAC ¶¶ 14, 23.)  But these

6    allegations state only that "[s]ometime in February 2009, Defendants, their agents and/or assigns

7    breached the terms of the Security Instrument and related loan agreements by violating [TILA]

8    . . . and/or [RESPA]."  (SAC ¶¶ 14,23.)  Plaintiff does not allege a single fact connecting the

9    February 2009 date with any violation of TILA.  The bare allegation that Defendants violated

10   TILA in February 2009, over three years after Plaintiff obtained the loan, does not create

11   sufficient factual content to "allow[] the court to draw the reasonable inference that the

12   defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550

13   U.S. at 556).

14        Plaintiff also argues that equitable tolling should apply to the TILA statute of limitations.

15   This argument fails as well.  Before the Court can apply equitable tolling, Plaintiff has the

16   burden of alleging the following elements: "fraudulent conduct by the defendant resulting in

17   concealment of the operative facts, failure of the plaintiff to discover the operative facts that are

18   the basis of its cause of action within the limitations period, and due diligence by the plaintiff

19   until discovery of those facts." *Sagehorn v. Engle*, 141 Cal. App. 4th 452, 460-61 (2006)  (citing

20   *Federal Election Com'n v. Williams* 104 F.3d 237, 240-41(9th Cir. 1996)).  In her Opposition,

21   Plaintiff asserts that the TILA limitations period should be tolled because Plaintiff could not

22   have discovered Defendants' failure to provide material disclosures.  (Opp'n 11:6-7.)  But

23   Plaintiff provides no facts that could allow the Court to make this inference.  *See Iqbal*, 129 S.

24   Ct. at 1940.  Without any factual allegations, the reasonable inference is that as the person who

25   signed the loan documents, Plaintiff was in a position to know whether or not she received

26   disclosures and whether the disclosed finance charges were accurate.  *See Meyer v. Ameriquest

27   Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (plaintiffs were in full possession of all

28   information relevant to the discovery of a TILA violation on the day the loan papers were

signed).

Accordingly, Plaintiff's TILA claim is time barred, and Defendants' Motion is GRANTED as to the second claim.

### 3.    PLAINTIFF'S THIRD CLAIM, FOR RESPA VIOLATIONS

Plaintiff's third claim is for violations of RESPA and is brought against all Defendants. Plaintiff alleges that Defendants violated RESPA Section 2605 by failing to notify Plaintiff of the transfer in the loan's servicing rights.  (FAC ¶ 39)

Under 12 U.S.C. § 2605(c), each transferee servicer must notify the borrower of the transfer within 15 days of the effective date of the transfer.  12 U.S.C. § 2605(c)(1), (2).  During a 60 day period, beginning on the date of the transfer, "a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment."  12 U.S.C. § 2605(d).  Here, Plaintiff fails to allege that she was charged an improper late fee.  As such, Plaintiff has not alleged an actionable violation of 12 U.S.C. § 2605. Accordingly, Defendants' Motion is GRANTED as to Plaintiff's third claim for relief.

### 4.    PLAINTIFF'S FOURTH CLAIM, FOR DECLARATORY RELIEF

Plaintiff's fourth claim is for declaratory relief under California Civil Code § 2923.5. Section 2923.5 provides that before the filing of a notice of default, a "mortgagee, beneficiary or authorized agent" must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ.Code § 2923.5(a)(2).

Courts are split on whether Section 2923.5 contains a private right of action.  *Compare Gaitan v. Mortgage Electronic Registration Systems*, 2009 WL 3244729, at *6-7 (C.D. Cal. Oct.

1   5.2009) (no private right of action); *Yulaeva v. Greenpoint Mortgage Funding, Inc.*, 2009 WL
2   2880393, at *11 (E.D. Cal. Sept.03, 2009) (assuming without deciding that Section 2923.5 does
3   not provide a private right of action); *Anaya v. Advisor Lending Group*, 2009 WL 2424037, at
4   *7-8 (E.D. Cal. Aug.5, 2009) (no private right of action), with *Ortiz v. Accredited Home
5   Lenders, Inc.*, 639 F.Supp.2d 1159, 1166 (S.D. Cal.2009) (Section 2923.5 does contain a private
6   right of action).

7           In California, "courts are not at liberty to impute a particular intention to the Legislature
8   when nothing in the language of the statute implies such an intention." *Dunn-Edwards Corp. v.
9   Bay Area Air Quality Management Dist.*, 9 Cal. App. 4th 644, 658 (1992). "[I]f the Legislature
10  intends to create a private cause of action, we generally assume it will do so 'directly, in clear,
11  understandable, unmistakable terms.'" *Vicko Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal.
12  App. 4th 55, 62-63 (1999) (citing *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal. 3d 287,
13  294-95 (1988). Section 2923.5 contains no language indicating an intent to create a private right
14  of action. Cal. Civ. Code § 2923.5; *see also Gaitan*, 2009 WL 3244719, at *7. And Plaintiff
15  points to nothing in the legislative history to show such intent. Accordingly, the Court
16  concludes that Section 2923.5 does not create a private right of action.

17          Defendants' Motion is GRANTED as to the fourth claim.

19  **5.      PLAINTIFF'S FIFTH CLAIM, FOR INJUNCTIVE RELIEF, AND SIXTH**
20  **        CLAIM, FOR ACCOUNTING**

22          Plaintiff's fifth and sixth claims, for injunctive relief and accounting, are brought against
23  all Defendants. Injunctive relief is a remedy that is dependent on the ability to establish a
24  substantive claim. *See* 6 Witkin, Cal. Procedure, Provisional Remedies, § 276, p. 220 (4th ed.
25  1997); *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 625-26 (1996). Likewise, accounting is a
26  remedy that must be based on substantive claims. *See Union Bank v. Superior Ct.*, 31 Cal. App.
27  4th 573, 593-94 (1995). As noted in Sections 1 through 4, Plaintiffs substantive claims fail, so
28  the injunctive relief and accounting claims fail as well.

1          Defendants' Motion is GRANTED as to the fifth and sixth claims.

2

3    **DISPOSITION**

4

5          Defendants' Motion is GRANTED, with leave to amend.  Plaintiff may file a Second

6    Amended Complaint by June 7, 2010.

7

8

9    IT IS SO ORDERED.

10

11   DATED: May 17, 2010

12

13   _____

14               Andrew J. Guilford

15           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28